# EXHIBIT 1

FILED IN THE ALASKA TRIAL COURTS ON 10/15/2025

Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 90844
Anchorage, AK 99509
(907) 830-1385
(800) 536-1071 facsimile

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Jason Bradley Strader,<br>  Plaintiff,<br><br>vs.<br><br>K Quest LLC,<br>  Defendant. | 3AN-25-09700 CI |

## COMPLAINT FOR DAMAGES

COMES NOW, Jason Bradley Strader, the plaintiff above named, by and through Isaac Derek Zorea, and respectfully submits this Complaint for Damages and states as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Jason Bradley Strader, resided within the Third Judicial District, State of Alaska, in Anchorage, Alaska 99504.

1.2. At all relevant times, defendant, K Quest LLC, has conducted substantial business operations within the Third Judicial District, State of Alaska, including but not limited to operating as an Amazon Delivery Service Partner and employing drivers and supervisory personnel in Anchorage, Alaska.

1.3. Venue is proper in the Third Judicial District pursuant to Alaska Civil Rule 3(c) as the defendant conducted business operations in this district and the acts giving rise to this action occurred within this judicial district.

1.4. This Court has jurisdiction over the subject matter of this action as it involves claims arising under Alaska state law and federal law, including violations of wage and hour statutes, wrongful termination, and interference with prospective economic benefit.

## II. FACTS

2.1. On September 7, 2024, plaintiff Jason Bradley Strader began his employment with defendant K Quest LLC as a delivery driver at an initial rate of $22.00 per hour. Defendant operates as an Amazon Delivery Service Partner (DSP) providing delivery services in the Anchorage, Alaska area.

2.2. Plaintiff's initial employment was structured as a seasonal position expected to end on January 15, 2025. However, plaintiff's employment continued beyond that date through March 1, 2025. During his employment, plaintiff received pay increases, first to $23.50 per hour and later to $25.00 per hour.

2.3. Plaintiff was classified as a non-exempt employee eligible for overtime compensation under both federal and Alaska state wage and hour laws. Plaintiff's duties expanded beyond delivery driving to include supervisory and management responsibilities, including driver management, vehicle inspections, scheduling, administrative duties, and rostering work performed from his home.

2.4. Throughout his employment, defendant systematically failed to pay plaintiff proper overtime compensation for hours worked in excess of forty (40) hours per week, despite plaintiff regularly working substantially more than forty hours per week.

2.5. During the pay period of October 6-19, 2024, plaintiff worked 66.21 hours but was paid overtime for only 3.69 hours, resulting in unpaid overtime for over 22 hours of work.

2.6. During the pay period of October 20-November 2, 2024, plaintiff worked 69.62 hours but was paid overtime for only 0.52 hours, resulting in unpaid overtime for over 29 hours of work.

2.7. During the pay period of November 3-16, 2024, plaintiff worked 77.70 hours and was paid overtime for 13.70 hours, still resulting in unpaid overtime for over 24 hours of work.

2.8. During the pay period of December 15-28, 2024, plaintiff worked 80 hours but received no overtime pay whatsoever, resulting in unpaid overtime for 40 hours of work.

2.9. During the pay period of December 29, 2024-January 11, 2025, plaintiff worked 78.13 hours with inadequate overtime compensation.

2.10. During the pay period of January 12-25, 2025, plaintiff worked 80.08 hours but was paid overtime for only 1.08 hours, resulting in unpaid overtime for over 39 hours of work.

2.11. During the pay period of January 26-February 8, 2025, plaintiff worked 82.25 hours but was paid overtime for only 0.25 hours, resulting in unpaid overtime for over 42 hours of work.

2.12. During the pay period of February 9-22, 2025, plaintiff worked 92.52 hours but was paid overtime for only 7.25 hours, resulting in unpaid overtime for over 45 hours of work.

2.13. In addition to the systematic underpayment of overtime wages, plaintiff regularly performed unpaid work from his home, including rostering duties and other administrative tasks for which he was not compensated.

2.14. On February 26, 2025, plaintiff raised concerns with defendant about the wage and hour violations he had been experiencing. Defendant's owner/manager

Osama Khokhar acknowledged the wage issues and stated they would "get to the bottom of it and resolve this."

2.15. On February 27, 2025, defendant acknowledged to plaintiff that "Our only issue is OT over 40 hours," confirming that defendant was aware of the systematic overtime violations affecting plaintiff and other employees.

2.16. On February 28, 2025, plaintiff informed defendant that he would "be sitting down with Amazon today to ask for guidance" regarding the wage and hour violations. Plaintiff also requested his employment records from defendant, citing Department of Labor requirements.

2.17. In immediate response to plaintiff's complaint to Amazon and request for employment records, on February 28, 2025, Osama Khokhar instructed plaintiff to "refrain from coming to our lot or engaging our team at Amazon or K Quest operations area."

2.18. On March 1, 2025, when plaintiff was unable to locate his employment records on the ADP payroll system, he requested from defendant an "hourly breakdown for all [his] work."

2.19. On March 1, 2025, Osama Khokhar terminated plaintiff's employment, stating afterward "you are not an active employee" and "Do not come to our place of business." This termination occurred immediately after plaintiff had complained about wage violations and had contacted regulatory authorities for guidance.

2.20. On March 1, 2025, plaintiff informed defendant that he would be "onboarding with Onit," another delivery service provider, indicating his intent to secure alternative employment in the same industry.

2.21. Despite plaintiff's repeated requests for employment records, defendant failed to provide the legally required documentation. On March 14, 2025,

plaintiff again requested his "payment record" and "Any employment records you have at all."

2.22. On March 14, 2025, plaintiff discovered that defendant had interfered with his prospective employment opportunity with Onit. Plaintiff accused defendant's owner Osama Khokhar of talking to "Bram" (Manager of Onit) and preventing plaintiff from obtaining the position, stating "I know you talked to Bram and kept me from getting the job."

2.23. Defendant's interference with plaintiff's prospective employment was done in retaliation for plaintiff's complaints about wage and hour violations and his contact with regulatory authorities, thereby depriving plaintiff of economic opportunities in his chosen field.

2.24. On March 30, 2025, plaintiff made a final request for his employment records, emphasizing that such records were "legally required" to be provided by the employer.

2.25. Throughout this period, defendant continued to fail to provide plaintiff with the employment records he was legally entitled to receive, despite multiple requests and the legal obligation to maintain and provide such records.

2.26. As a result of defendant's wage and hour violations, plaintiff contacted the Alaska Department of Labor regarding the wage issues and failure to provide employment records. Defendant claimed that their legal team and ADP were working on the wage issues but failed to provide adequate resolution or documentation.

2.27. The systematic wage and hour violations affected not only plaintiff but multiple employees of defendant, demonstrating a pattern of unlawful conduct in violation of federal and state wage and hour laws.

2.28. At the time of his termination, plaintiff's year-to-date earnings totaled $10,940.77, consisting of $10,474.31 in regular wages and only $466.46 in overtime

wages, despite having worked hundreds of hours of overtime during his employment period.

2.29. Plaintiff's termination was in direct retaliation for his protected activities of complaining about wage and hour violations, requesting legally required employment records, and seeking guidance from regulatory authorities, all of which are protected under federal and Alaska state law.

### III. CAUSES OF ACTION

#### A. VIOLATION OF THE TORT OF WRONGFUL DISCHARGE

3.1. Plaintiff Jason Bradley Strader incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.29.

3.2. Plaintiff Jason Bradley Strader affirms and attests that during the relevant time of his employment with defendant, he was satisfactorily performing the key elements of his job and had received pay increases reflecting his satisfactory performance.

3.3. Plaintiff Jason Bradley Strader further attests and affirms that he engaged in protected activity by complaining about defendant's systematic violations of federal and Alaska state wage and hour laws, requesting legally required employment records, and seeking guidance from regulatory authorities regarding wage and hour violations.

3.4. Defendant terminated plaintiff's employment in direct retaliation for his protected activities, including his complaints about wage and hour violations, his contact with Amazon regarding regulatory guidance, and his requests for employment records as required by law.

3.5. Plaintiff Jason Bradley Strader affirms and attests that defendant's conduct, as alleged in paragraphs 3.1 through 3.4, constituted a willful and/or reckless violation of the duty that it owed to him, violated public policy protecting

employees who report wage and hour violations, and violated Alaska's covenant of good faith and fair dealing, thereby constituting the tort of wrongful discharge.

B. **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

3.6. Plaintiff incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.29.

3.7. At all relevant times, defendant was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and plaintiff was an employee entitled to the protections of the FLSA.

3.8. Defendant willfully violated the FLSA by systematically failing to pay plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week, despite plaintiff regularly working substantially more than forty hours per week.

3.9. Defendant further violated the FLSA by retaliating against plaintiff for his complaints about wage and hour violations, in violation of 29 U.S.C. § 215(a)(3).

3.10. As a result of defendant's FLSA violations, plaintiff is entitled to unpaid overtime wages, future lost wages, liquidated damages, attorney's fees, and other relief provided under the FLSA.

C. **VIOLATIONS OF ALASKA WAGE AND HOUR LAWS**

3.11. Plaintiff incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.29.

3.12. Defendant violated Alaska wage and hour laws by systematically failing to pay plaintiff proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.13. Defendant further violated Alaska wage and hour laws by failing to provide plaintiff with legally required employment records despite multiple requests.

COMPLAINT FOR DAMAGES: STRADER V. K QUEST, LLC.  PAGE - 7 -

3.14. Defendant retaliated against plaintiff in violation of Alaska wage and hour laws for his complaints about wage violations and requests for employment records.

3.15. As a result of defendant's violations of Alaska wage and hour laws, plaintiff is entitled to unpaid wages, penalties, interest, and other relief provided under Alaska law.

D. **INTERFERENCE WITH PROSPECTIVE ECONOMIC BENEFIT**

3.16. Plaintiff incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.29.

3.17. Plaintiff had a reasonable expectation of securing employment with Onit, another delivery service provider, as evidenced by his statement on March 1, 2025, that he would be "onboarding with Onit."

3.18. Defendant, through its owner/manager Osama Khokhar, intentionally interfered with plaintiff's prospective employment relationship with Onit by communicating with representatives of that company to prevent plaintiff from obtaining employment.

3.19. Defendant's interference was done without justification and in retaliation for plaintiff's complaints about wage and hour violations and his contact with regulatory authorities.

3.20. As a result of defendant's interference, plaintiff was deprived of prospective economic benefits and suffered damages including lost wages and benefits from the prospective employment opportunity.

## JURY DEMAND

4.1. Plaintiff, Jason Bradley Strader, hereby demands a trial by jury on all claims and issues.

COMPLAINT FOR DAMAGES: STRADER V. K QUEST, LLC. PAGE - 8 -

Case 3:25-cv-00337-HRH    Document 1-1    Filed 11/26/25    Page 9 of 11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jason Bradley Strader, requests judgment against defendant K Quest LLC, as follows:

1. Full and complete payment of all unpaid overtime wages owed to plaintiff under the Fair Labor Standards Act and Alaska wage and hour laws, including liquidated damages equal to the amount of unpaid wages, penalties, lost future wages due to being terminated in retaliation to a FLSA complaint, with the exact amount to be proven at trial.

2. Full and complete payment of all damages permitted that related to plaintiff's claims against defendant, alleging violations of the tort of wrongful discharge, interference with prospective economic benefit, and retaliation under federal and Alaska state law, including lost wages, future wages, emotional distress, punitive damages, attorney fees, prejudgment interest, and other permitted remedies, within the jurisdictional limit of this court, with exact amount to be proven at trial.

3. Plaintiff requests reinstatement to his position for which he had been unlawfully terminated, or if the workplace has become impermissibly hostile, future damages going forward including compensation for lost prospective employment opportunities that were interfered with by defendant's unlawful conduct.

4. Plaintiff Jason Bradley Strader seeks punitive damages based on the egregious and willful nature of defendant's conduct, including systematic wage and hour violations, retaliation for protected activities, and interference with prospective economic opportunities.

5. Plaintiff Jason Bradley Strader requests whatever additional damages the Court considers appropriate to award given the severity of defendant's conduct, including reasonable attorney's fees and costs as provided under the Fair Labor Standards Act and Alaska law.

1    DATED this 16th Day of October, 2025.

                                    By:  /Isaac D Zorea
                                         Isaac Derek Zorea
                                         ABA No.  0011090
                                         Counsel for Jason Bradley Strader